```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

CASTAWAYS BACKWATER CAFÉ, INC.,

                Plaintiff,

vs.                                   Case No.  2:05-cv-273-FtM-29SPC

STATE OF FLORIDA DEPARTMENT OF
BUSINESS AND PROFESSIONAL
REGULATIONS DIVISION OF ALCOHOLIC
BEVERAGES AND TOBACCO,

                Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on defendant's Amended Motion to Dismiss (Doc. #7), filed on July 14, 2005. Plaintiff filed a Memorandum in Opposition (Doc. #13) on July 20, 2005.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n. 16.

**II.**

Castaways Backwater Café, Inc. (plaintiff), a restaurant in Collier County, Florida, filed a Complaint (Doc. #1) against the State of Florida's Department of Business and Professional Regulations Division of Alcoholic Beverages and Tobacco (defendant) as the arm of the State responsible for enforcement of Florida Statute § 386.203, the Florida Clean Indoor Air Act (FCIAA). Plaintiff asserts that the FCIAA violates the equal protection provisions of Fifth and Fourteenth Amendments of the United States Constitution because it contains exceptions based solely on economic considerations that are not supported by the legislative intent "to protect people from the health hazards of second-hand tobacco smoke" outlined in Article 10, Section 20 of the Florida

Constitution.  Plaintiff does not seek monetary damages, but does seek declaratory and injunctive relief preventing the enforcement of the statute.

Defendant contends that the Court lacks jurisdiction because defendant has immunity pursuant to the Eleventh Amendment of the United States Constitution.  The Eleventh Amendment precludes suits by citizens against their own States in federal court. <u>Tennessee Student Assistance Corp. v. Hood</u>, 541 U.S. 440, 446 (1973); <u>Miccosukee Tribe of Indians of Fla. v. Florida State Athletic Comm'n</u>, 226 F.3d 1226, 1231 (11th Cir. 2000).  A "state" for Eleventh Amendment purposes includes certain actions against state agents and state instrumentalities, <u>Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.</u>, 208 F.3d 1308, 1311 (11th Cir. 2000), and state officials sued in their official capacities. <u>McMillian v. Monroe County</u>, 520 U.S. 781, 785 n. 2 (1997).  However, under the doctrine of <u>Ex Parte Young</u>, 209 U.S. 123, 155-56 (1908), and its progeny, prospective injunctive relief is permitted against state officers sued in their official capacities to prevent a continuing violation of federal law. <u>Summit Med. Assocs., P.C. v. Pryor</u>, 180 F.3d 1326, 1336 (11th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1012 (2000).  Here, plaintiff has not sued a state officer in his official capacity, as required by <u>Ex Parte Young</u>, and therefore the suit is barred by the Eleventh Amendment.

Accordingly, it is now

**ORDERED:**

Defendant's Amended Motion to Dismiss (Doc. #7) is **GRANTED**, and the Complaint is dismissed without prejudice.  Plaintiff is granted leave to file an Amended Complaint within **TWENTY (20) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __31st__ day of August, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record